Reed, J.,
delivered the opinion of the court.
Plaintiffs in error were prosecuted in the police court for a violation of a city ordinance, prohibiting railroad engines being run at a greater speed then six miles an hour within certain defined limits. For some unexplained reason the two different corporations were joined in the same proceeding. It wotild appear that both were found guilty in the police court and fined; an appeal was taken to the superior court; that court was abolished, and the ease went by legislative enactment to the district court, where a trial was had, resulting in finding the Atchison, Topeka & Santa Fe Co. guilty, and the Denver & Santa Fe not guilty. Both companies appealed.
I am at a loss to understand the appeal of the Denver & Santa Fe Company. It is assigned for error, “ that the district court gave judgment in favor of the city and against the defendant, while it appears of record that such' defendant was found not guilty.” There is some confusion — a variance between the transcript of the record and the bill of exceptions which does not appear in the abstract, but only upon the examination of the record.
The entries are as follows : “ On, to wit, the 25th day of February, 1890, * * * the following proceedings were had and entered of record. * * * This cause having been heretofore submitted to the court, and by the court taken under advisement, and the court being now sufficiently advised in the premises, doth find for the plaintiff in the sum of ten dollars, etc. * * *
“ And afterwards, to wit, on the same day. * * * It is considered by the court that the plaintiff do have and recover of and from the said defendants, The Atchison, Topeka & Santa Fe Railroad Co. and The Denver & Santa Fe Railroad Co. the sum of ten dollars,” etc. From which it *438 appears an appeal was allowed both defendants. In the bill of exceptions it is said: “ The court * * * doth find said defendant, The Atchison, Topeka & Santa Fe Railroad Co., guilty in manner and form as charged in the plaintiff’s complaint, and the said defendant, The Denver & Santa Fe Railroad Co., not guilty.” Whereupon the court gave judgment against The Atchison, Topeka & Santa Fe Railroad Co. for ten dollars, to which that company served an exception.
Which is to control, the transcript or bill of exceptions ? It is evident that both cannot be correct. The bill of exceptions appearing on its face to have been accepted as correct by counsel, and being signed and sealed by the judge, must be taken as correctly stating the judgment of the court and the record entries by the clerk as being erroneous. Hence, no writ of error could lie by The Denver & Santa Fe Co., for the reason, first, that there was no finding against it; second, the bill of exceptions shows no exception was taken on its behalf.
As presented the judgments, according to the transcript, would have to be reversed and appeals dismissed, as it is at once apparent a joint judgment against two distinct corporations for the same offense could not stand; while on the facts and judgment, as shown in the bill of exceptions, the judgment against the Atchison, Topeka & Sante Fe Co. should be affirmed. No defense was interposed or testimony offered on the part of either defendant, nor was there any objection taken to the misjoinder of parties defendant, consequently no advantage can be taken of it in this court.
The testimony was very unsatisfactory, discursive and indefinite, but there was testimony deemed sufficient by the district court to make a case in the absence of all defense against the Atchison, Topeka & Santa Fe Co. The judgment, as shown by the transcript of the record against the Denver & Santa Fe Co. evidently having been a clerical mistake, will be reversed.
Affirmed as to A., T. & S. F. Co. Reversed as to Denver & S. F. Co.